UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY OSAZEE OSARETIN,<br><br>        Petitioner,<br><br>v.<br><br>WARDEN, OTAY MESA DETENTION CENTER,<br><br>        Respondent. | Case No.: 25-cv-3612-JES-MSB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Jerry Osazee Osaretin's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The Court issued an Order to Show Cause, and Respondent filed a response, acknowledged that Petitioner must be considered detained under 8 U.S.C. § 1226(a), pursuant to the final judgment entered in *Maldonado Bautista v. Santacruz*, No. 5:25-CV01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025). ECF No. 6. Accordingly, on December 24, 2025, the Court issued an order granting the petition in part and ordered a bond hearing. ECF No. 7.

On January 5, 2026, Respondent filed a Notice of Compliance, stating that Petitioner was provided with a bond hearing but Petitioner wanted more time to review the government's evidence and submit additional evidence in support of bond. ECF No. 8. The Court ordered further supplemental briefing from the parties. ECF No. 9. In response, on

January 16, 2026, Respondent filed a notice stating that a bond hearing was held on January 13, 2026, and Petitioner was denied bond because he was found to be a danger to the community. ECF No. 10. No further explanation was given and no copy of the bond hearing order was provided. *Id.* Thus, the Court again ordered further supplemental briefing, specifically directing Respondent to address the due process issues raised in the petition. ECF No. 11. Respondents filed a further supplemental brief on January 23, 2026. ECF No. 13.

The supplemental briefing establishes the following. Petitioner is a native of Nigeria, who entered the United States on August 8, 2022, near the San Ysidro Port of Entry. ECF No. 13-1, Ex. 1. He was put into expedited removal proceedings and made a credible fear claim at this time. *Id.*, Exs. 1, 2. Subsequently on September 2, 2022, Petitioner was released on parole. *Id.*, Ex. 4. The parole form stated the following:

> Your parole authorization is valid for one year beginning from the date on this notice and will automatically terminate upon your departure or removal from the United States or at the end of the one-year period unless ICE provides you with an extension at its discretion . ICE may also terminate parole on notice prior to the automatic termination date. Parole is entirely within the discretion of ICE and can be terminated at any time and for any reason. Your parole is not valid for work authorization and is not an admission in lawful status.

> Parole is conditioned on you complying with the terms and conditions of your release. You must notify ICE and the immigration judge of any address correction or address change. You must report for every scheduled hearing before the immigration court and every appointment as directed by ICE (including:for removal from the United States should you become subject to a final removal order). You must not violate any local, State or Federal laws or ordinances. You must comply with any other specified conditions if identified separately.

*Id.* Petitioner has since lived in the United States. He was re-detained on May 15, 2025, in Boston, Massachusetts, at the Westborough District Court, where he was facing charges for Larceny, Identity Theft, and Conspiracy. *Id.*, Ex. 5. When he exited the courthouse, agents put him into immigration custody. *Id.*

25-cv-3612-JES-MSB

In its supplemental briefing, Respondent first argues that Petitioner's claims and requests for release are jurisdictionally barred, or alternatively, that Petitioner has not exhausted administrative remedies. ECF No. 13 at 4-7. The Court rejects these arguments for the same reasons it has in its previous orders. *See, e.g.*, *Sanchez v. LaRose*, No. 25-CV-2396-JES-MMP, 2025 WL 2770629, at \*2 (S.D. Cal. Sept. 26, 2025); *Van Tran v. Noem*, No. 25-CV-2334-JES-MSB, 2025 WL 2770623, at \*2 (S.D. Cal. Sept. 29, 2025); *Rios v. U.S. Dep't of Homeland Sec.*, No. 3:25-CV-01796-JES-DEB, 2025 WL 3022854, at \*1 (S.D. Cal. Oct. 29, 2025).

On the merits, Respondent argues that no notice was required to terminate Petitioner's parole because it had already expired since the one-year period it was originally granted for had already expired. ECF No. 14 at 9. Since Petitioner was granted parole on September 2, 2022, per the terms of the parole, it would have automatically expired on September 2, 2023, and there is no evidence in the record that the parole was extended. Alternatively, Respondent argues that his parole was appropriately revoked because he was charged with committing a violation of state law in Massachusetts. *Id.*

The Court disagrees with Respondent that an expiration of parole automatically extinguishes any due process claim. Courts have repeatedly held that liberty interests do not expire when parole does. "When he was released from his initial detention on parole, Petitioner took with him a liberty interest which is entitled to the full protections of the due process clause." *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025). Rejecting similar arguments from the government, the court held that "this private interest did not expire along with Petitioner's parole agreement. Once established, Petitioner's interest in liberty is a constitutional right which may only be revoked through methods that comport with due process." *Id.*; *see also Rodriguez Cabrera v. Mattos*, No. 2:25-CV-01551-RFB-EJY, 2025 WL 3072687, at \*11 (D. Nev. Nov. 3, 2025) ("Petitioner has a fundamental interest in freedom from physical confinement, and that liberty interest is particularly strong given his initial release from detention in 2022, and the fact that Respondents did not seek his return to custody upon the expiration of his parole in

25-cv-3612-JES-MSB

December 2022, or in the three years since."); *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999, at *5 (E.D. Cal. Nov. 22, 2025) ("[P]etitioner's liberty interest did not expire along with his parole.").

That said, the Court does find a difference in Petitioner's case given his new criminal charges. In each of the cases above, the courts noted that each petitioner continued to adhere by the conditions of the expired parole. *See Ramirez Tesara,* 800 F. Supp. 3d at 1138 (noting that at the time of re-detention, "his parole agreement had expired, but the record reflects that he had continued to follow the terms of his release by submitting pictures of himself, responding to messages and phone calls, and reporting to ICE officers in person when requested"); *Omer G.G.*, 2025 WL 3254999, at *2 (noting that "[d]uring his time on release, petitioner maintained a clean criminal record, appeared for all in-person check-ins, and kept ICE updated on his address"); *Rodriguez Cabrera*, 2025 WL 3072687, at *4 (noting lack of criminal history). Thus, each of these courts found that the government could not explain why parole should not be extended at the time of its expiration, particularly where the petitioners relied on the status in the meantime to build ties to the community, establish a family, and seek immigration relief, such as asylum or adjustment of status claims. *See Ramirez Tesara,* 800 F. Supp. 3d at 1137; *Rodriguez Cabrera*, 2025 WL 3072687, at *12; *Omer G.G.*, 2025 WL 3254999, at *5-6.

Here, Petitioner does not dispute the new criminal charge. *See* ECF No. 12 (noting his criminal case). The conditions of his parole do note that he "must not violate any local, State or Federal laws or ordinances." In addition, Petitioner has been now granted a bond redetermination hearing. There is no allegation that the bond hearing was not a bona fide hearing. Thus, the Court finds that it has granted all the relief it can to Petitioner at this time.

//

//

//

//

**Case 3:25-cv-03612-JES-MSB   Document 15   Filed 02/03/26   PageID.166   Page 5 of 5**

Accordingly, having previously **GRANTED IN PART** the petition by ordering a bond redetermination hearing which has now taken place, the Court **DENIES** the remainder of the petition. The Clerk is directed to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: February 3, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge